EreemAN, J.,
delivered the opinion of the Court.
This is a conviction for larceny in the Circuit Court of Giles county, and the prisoner is sentenced to the Penitentiary for three years, from which he prosecutes an appeal in error to this Court. The first error assigned here is, that the indictment contains no sufficient description of the property stolen. It charges the prisoner with stealing two hams of bacon and two shoulders of bacon, and eight jowls, weighing one hundred pounds, of the value of fifteen dollars. It is insisted that each article taken must be specifically described, and the separate value of each charged. For this two cases are cited — Baldwin v. State, 1 Sneed, 411; Williams v. State, 10 Hum., 101. No such rule is laid down in these causes; in the first, the Court simply holding the description sufficient; in the other, that when a party was charged with stealing a horse, bridle, saddle, blanket and martingale, that it charged but one crime, it being the same act of larceny, the property being stolen from the same individual at the same time. The other case cited, of Woudfollc Lewis, at the present term of this Court, has no bearing on the question. The description of the property stolen in this case is certainly sufficient, being as definite as the nature of the articles stolen will permit.
*463 The other objection has nothing in it; as to the failure of the Judge to charge the jury that, upon their recommendation, the Court might substitute fine and imprisonment in the county jail instead of confinement in the Penitentiary. The section of the Code applies to cases of petit larceny, not to cases of grand larceny, as this was charged to be, and as it is proven to have been, by the owner, he proving the meat to have been worth $20.
It is next objected, that the verdict is general; that “defendant is guilty in manner and form, as charged in the indictment,” so that we can not tell on what count the verdict was rendered, there being two counts in the indictment — the first for larceny, the second for receiving stolen goods. This question has been decided in two cases in our State, the opinion of the Court being delivered in both cases by the same learned Judge, the cases holding the directly opposite rule, the one to the other. In Wyatt v. The State, 2 Swan, 396, four counts were in the same indictment. The jury found a general verdict of guilty. The Court say: “The jury make no reference in their verdict to the separate counts. We can not know, therefore, whether they would have found a verdict of guilty or not guilty, on the first count.” If the prisoner had been convicted in that case, on the first count in the indictment, it would not, say the Court, have been material whether the charge on the other counts was correct or not. The Court then adds: “We can not, therefore, know but that the general conviction was on the second or third counts, and they go *464 on to reverse the case, on the charge of the Court as to law arising on these last counts.
In the case of Isham v. State, 1 Sneed, 115, it was objected to the conviction, that it was had on the second and fourth counts, and that the latter was bad. The Court laid down the rule to be: “If the verdict is general or upon two counts, and either count be good, the conviction will stand, no matter how defective the other may be.” The two cases, however, may be distinguished in this, that in the first case, the Court had charged the law erroneously on the counts discussed by the Court in that opinion, and if the conviction had been under either of them, it was the result of the erroneous instruction; while in the other case, one count of the indictment on which the party was convicted was defective, the other being good. The Court, however, in the last case, must have referred the conviction to the good count, or else the judgment should have been arrested. In the case before us, we are compelled to refer the conviction to the count for grand larceny; for if it applies to the second count, for receiving the property, knowing it to have been stolen, the conviction could not stand, as there is no proof to sustain it. It was a case of simple larceny or nothing, from the proof. We can see clearly, from the proof, that the jury must have found the party guilty of the larceny, as no proof was introduced to - sustain the other count; no attempt at seeking a conviction on it is made by the State. In a case like this, when we can see clearly that the party was tried under the proper count, and convicted under *465 it, and there is no error in the charge of the Court on any other count by which the jury might have been misled, we may well follow the rule given in the case in 1 Sneed, of Isham v. The State, and refer the conviction to the proper count in the indictment.
It is insisted that the testimony does not sustain the verdict of conviction. On this question we need but say that the evidence is somewhat contradictory, but not irreconcilable. If, as the jury evidently believed, the witnesses for the State testified truly, it is clear the prisoner is guilty. The jury have so found under proper instructions from the Court; and having the witnesses before them, with better means of testing their credibility than we can have, we are unable to say that they arrived at a wrong conclusion.
Let the judgment be affirmed.